IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

FILED
DES MOINES, IOWA
02 JUL 18 PM 4:29
SOUTHERN DISTRICT OF IA

| | |
|---|---|
| LINCOLN NATIONAL LIFE INSURANCE COMPANY and LINCOLN FINANCIAL ADVISORS CORPORATION,<br><br>Petitioners/Plaintiffs,<br><br>v.<br><br>THOMAS W. PAYNE,<br><br>Respondent/Defendant. | CIVIL NO. _____<br><br>**4:02-CV-70346**<br><br>**APPLICATION AND MOTION TO VACATE ARBITRATION AWARD** |

The Petitioners are Lincoln National Life Insurance Company ("Lincoln Life") and Lincoln Financial Advisors Corporation ("LFA"). These two entities are collectively referred to herein as "Lincoln." For their Application and Motion to Vacate Arbitration Award, Petitioners state as follows:

**Background**

1.     Petitioner/Plaintiff Lincoln Life is an Indiana corporation with its principal place of business located in Indiana.

2.     Petitioner/Plaintiff LFA is an Indiana corporation with its principal place of business located in Texas.

3.     Respondent/Defendant Thomas W. Payne ("Payne") is a citizen of the State of Colorado and/or a citizen of Canada.



4.    This court has personal jurisdiction over Respondent Payne because the contract at issue was entered into in Des Moines, Iowa and was to be performed, in whole or in part, in Des Moines.

5.    This court has subject matter jurisdiction pursuant to 28 U.S.C. §1332(a), as the amount in controversy exceeds $75,000 and the action is between citizens of different states and/or is between a citizen of a state and a citizen of a foreign state.

6.    Venue is proper in this court pursuant to 9 U.S.C. §10, because this is the district wherein the arbitration award at issue was made.  Venue also is proper in this court pursuant to 28 U.S.C. §1391(a), as this is the district in which a substantial part of the events giving rise to the claim occurred.

7.    In 1969, Lincoln and Payne entered into a written agent's contract, pursuant to which Payne acted as an insurance agent and registered representative for Lincoln. This contract governed the relationship between Lincoln and Payne.

8.    In 1998, a dispute arose between Lincoln and Payne relating to Payne's performance and/or non-performance of his agent contract, Lincoln's rights under the contract, and Lincoln's termination of Payne's agent contract.  Payne filed a state court lawsuit in Iowa asserting specific legal claims against Lincoln and two other agents/representatives.

9.    The parties thereafter agreed to submit the state court lawsuit claims to arbitration, pursuant to a written Agreement Regarding Arbitration And Certain Discovery Procedures.  In their agreement to arbitrate, the parties agreed to use the NASD

arbitration process, with certain modifications.  A copy of the arbitration agreement is attached hereto as Exhibit A.

10.    The case then proceeded through NASD arbitration as Proceeding Number 99-02154.  Throughout the year 2001, the parties held five weeks of hearings, during which they presented both live testimony and documentary evidence.  Pursuant to the agreement of the parties, the hearing sessions were transcribed by a court reporter.  On June 20, 2002, the NASD arbitration panel (the "Panel") issued a written decision, including a monetary award in Payne's favor against Lincoln, and delivered it to Lincoln and Payne.  A copy of the award is attached hereto as Exhibit B.

## Application and Motion to Vacate

11.    Lincoln now seeks to vacate the arbitration award based on the Federal Arbitration Act (9 U.S.C.§10) and federal substantive law.  Lincoln submits that the award of the arbitrators should be vacated on the following grounds:

a.    The Panel exceeded its authority by ignoring the unambiguous language of the written agent contract between the parties, which clearly allowed Lincoln to take each of the actions of which Payne complained, including but not limited to the right to terminate the contract with or without cause.  See *Inter-City Gas Corp. v. Boise Cascade Corp.*, 845 F.2d 184, 187 (8th Cir. 1988)(holding that if the arbitrator "interprets unambiguous language in any way different from its plain meaning, [the arbitrator] amends or alters the agreement and acts without authority."); *Shearson Lehman Bros., Inc. v. Hedrich,* 639 N.E.2d 228, 232 (Ill. App. Ct. 1994)(vacating an NASD arbitration award on the ground that "the arbitrators impermissibly ignored the unambiguous

contract language and implemented their own notion of what would be reasonable and fair.");

   b.   The Panel exceeded its authority by awarding damages in excess of those allowed by the parties' contract.   See *Jontig v. Bay Metropolitan Transportation Authority*, 444 N.W.2d 178, 179 (Mich. Ct. App. 1989)(vacating arbitration award where arbitrator awarded damages beyond those allowed by the parties' contract);

   c.   The Panel exceeded its authority by considering issues not submitted to arbitration. See *LCI, Inc. v. Chipman*, 572 N.W.2d 158, 159 (Iowa 1997)("[I]f an issue is beyond the scope of arbitration and the arbitrators have exceeded their powers in addressing it, this is a ground for vacation of the award");. *Matteson III v. Rider System, Inc.*, 99 F.3d 108, 113 (3d Cir. 1996)(holding that arbitrator exceeded its authority in deciding other issues beyond that which was submitted for arbitration); and

   d.   The Panel's award is completely illogical and evidences a manifest disregard for the law  See *Val-U Const. Co. v. Rosebud Sioux Tribe*, 146 F.3d 573, 578 (8th Cir. 1998)(holding that in addition to the grounds set forth in the FAA, an arbitration award will be "set aside where it is completely irrational or evidences a manifest disregard for the law.").

   12.   In further support of this application, Lincoln will be submitting a brief and the relevant supporting portions of the arbitration record and transcript.  Due to the size and complexity of the arbitration proceeding (there were approximately 600 exhibits introduced and the transcript is 4,268 pages long), Lincoln is filing concurrently herewith

a motion for extension of time to file its brief and submit the relevant portions of the record, and a motion for leave to file an overlength brief.

WHEREFORE, for the reasons set forth herein and those to be set forth in the brief and arbitration record, Lincoln requests judgment:

a.    vacating the arbitration award in Proceeding No.99-02154;

b.    entering a dismissal with prejudice of all claims brought against Lincoln in Arbitration Proceeding No. 99-02154; and

c.    granting such further relief as it deems just and appropriate, including Lincoln's costs and attorney fees.

BRADSHAW, FOWLER, PROCTOR & FAIRGRAVE, P.C.

By: *Todd Strother*

Denny M. Dennis  PK0001223
Todd A. Strother  PK0016680
801 Grand Avenue, Suite 3700
Des Moines, IA  50309-2727
Phone: (515) 246-5889
Fax:  (515) 246-5808

ATTORNEYS FOR PETITIONERS/PLAINTIFFS

Copies to:

David L. Charles
Belin, Harris, Lamson & McCormick
Suite 2000 – Financial Center
Des Moines, IA 50309-3989

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing instrument was served upon one of the attorneys of record for all parties to the above-entitled cause by enclosing the same in an envelope addressed to each such attorney at his/her respective address as disclosed by the pleadings of record herein, with postage fully paid, and by depositing said envelope in a United States Post Office depository in Des Moines, Iowa on the 18 of July, 2002.

## AGREEMENT REGARDING ARBITRATION AND
## CERTAIN DISCOVERY PROCEDURES

The undersigned parties, by their counsel, hereby agree as follows:

1.    In consideration of the agreements set forth below, Thomas W. Payne ("Payne") shall consent to the entry of an order in the <u>Thomas W. Payne v. Mary Ann Burris, Barbara Crosby, Lincoln National Life Insurance Company and Lincoln Financial Advisors Corporation,</u> Polk County Case No. CL 77900, sustaining the Motion for Stay of Proceedings and to Compel Arbitration filed on behalf of Defendants on February 17, 1999. In further consideration of the agreements set out below, he also agrees to arbitrate all claims as set forth in the Polk County action before a panel appointed and acting under the NASD Code of Arbitration Procedure ("NASD Code"), except to the extent that the NASD Code is modified as set forth below.

2.    Defendants Lincoln National Life Insurance Company ("Lincoln Life"), Lincoln Financial Advisors Corporation ("Lincoln Financial"), Mary Ann Burris ("Burris") and Barbara Crosby ("Crosby"), agree that Payne shall be permitted to take 80 hours of discovery depositions in the arbitration action with no more than 12 different individuals to be deposed by Payne under this procedure. Calculation of deposition hours shall exclude breaks and recesses. Payne may petition the arbitration panel for additional time should he be unable to obtain reasonable use of the agreed upon time through no fault of his own, i.e., witnesses' failure to cooperate, failure to respond, etc. Defendants Lincoln Life and Lincoln Financial shall, collectively, have the same rights as Payne as

EXHIBIT E-1



EXHIBIT

A

provided hereinabove with respect to the taking of depositions.  Further, the Defendants Burris and Crosby, collectively, shall have the same rights as Payne as provided herein with respect to the taking of depositions.

3.    Lincoln Life and Lincoln Financial shall produce Dennis McMillen and Gary Giller for deposition in Des Moines, Iowa, at a mutually convenient time. Depositions of other witnesses shall be taken in the city where their principal place of business is located unless otherwise mutually agreed by the parties.

4.    Payne shall be permitted 20 interrogatories pursuant to the NASD Code which will be answered by the party to whom directed.  Lincoln Life and Lincoln Financial agree to respond to Interrogatories 1, 3, 4, 5, 6, 7(a), (b) and (d), and 9 within 45 days of the date of this document, or within 20 days of being served with Payne's Statement of Claim by counsel for Payne, whichever is later.  Burris and Crosby agree to respond to the outstanding Interrogatories, except subparagraphs (c), (e), (f) and (g) of Interrogatory No. 6, within 30 days of the date of this document.  Defendants Lincoln Life and Lincoln Financial shall have the same rights as Payne with respect to the serving of interrogatories as hereinabove set forth.   The Defendants Burris and Crosby, collectively, shall have the same rights as Payne with respect to the serving of interrogatories as hereinabove set forth.

5.    Document production as to all parties shall be governed by the NASD Code.  Lincoln Life and Lincoln Financial agree to respond to the Requests for Production of Documents previously served within 45 days of the date of this document,

or within 20 days of being served with Payne's Statement of Claim by counsel for Payne, whichever is later.   Burris and Crosby agree to complete their production of the documents requested and to deliver responses to the Requests within 20 days of the date of this document.

6.     The parties agree that, so long as acceptable to the Arbitration panel, all discovery disputes will be submitted to any member of the arbitration panel in Des Moines, Iowa, and, if none, to a mutually agreed person in Des Moines, which person shall be qualified to serve as an Arbitrator under the NASD Code or, if no such person is available, to such other person who is mutually agreeable and who is a qualified Arbitrator in the American Arbitration Association.   Such person would make a determination whether all responsive information, discoverable under the NASD Code, as amended by this Agreement, had been produced.   That person is further authorized by this Agreement to enter any sanctions permitted under the NASD Code, including costs, fees, or limitation of evidence as he or she viewed appropriate under the circumstances. The intent of the parties is that the decision will be enforced by the Arbitration Panel.

Dated this __8__ day of April, 1999.

THOMAS W. PAYNE

By: _____
David L. Charles
Attorney for Thomas W. Payne

Dated this 6th day of April, 1999.

MARY ANN BURRIS and BARBARA CROSBY

By: _John P. Dollar_

John P. Dollar
Attorney for Mary Ann Burris and
Barbara Crosby

Dated this 5th day of April, 1999.

LINCOLN NATIONAL LIFE INSURANCE
COMPANY and LINCOLN FINANCIAL
ADVISORS CORPORATION

By: _Denny M. Dennis_

Denny M. Dennis
Attorney for Lincoln National Life
Insurance Company and Lincoln
Financial Advisors Corporation

## AWARD
## NASD Dispute Resolution

In the Matter of the Arbitration Between

Thomas W. Payne,
      Claimant / Counter-Respondent

     v.

Lincoln National Life Insurance Company, and
Lincoln Financial Advisors Corporation,
      Respondents / Counter-Claimants

     and

Mary Ann Burris and Barbara Crosby,
      Respondents / Counter-Claimants

          99-02154
          Des Moines, Iowa

## REPRESENTATION OF PARTIES

Thomas W. Payne ("Claimant") was represented by David L. Charles, Esq., and Ed Mansfield, Esq., Belin Lamson McCormick Zumbach Flynn, Des Moines, Iowa.

Lincoln National Life Insurance Company ("Lincoln National") and Lincoln Financial Advisors Corporation ("Lincoln Financial"), hereinafter referred to as ("Lincoln Respondents") were represented by Denny L. Dennis, Esq., and Todd Strother, Esq., Bradshaw, Fowler, Proctor & Fairgrave, Des Moines, Iowa.

Mary Ann Burris ("Burris") and Barbara Crosby ("Crosby"), hereinafter referred to as "Individual Respondents" were represented by George A. LaMarca, Esq., and Justin E. LeVan, Esq., LaMarca & Landry, PC, West Des Moines, Iowa.

## CASE INFORMATION

The Statement of Claim was filed on or about May 10, 1999. The Submission Agreement of Claimant Thomas W. Payne was signed on or about May 4, 1999.

Statement of Answer was filed by Respondents Lincoln National Life Insurance Company and Lincoln Financial Advisors Corporation on or about July 21, 1999. Substituted Answer, Affirmative Defenses, and Counterclaims of the Lincoln Respondents was filed on or about November 1, 1999. The Submission Agreement of Respondent Lincoln National Life Insurance Company was signed on or about July 19, 1999, by Denny L. Dennis. The Submission Agreement of Respondent Lincoln Financial Advisors Corporation was signed on or about July 19, 1999, by Denny L. Dennis.

EXHIBIT

NASD Dispute Resolution
Arbitration No. 99-02154
Award     Page 2 of 8

An Additional Answer was submitted by Respondents Burris and Crosby on or about July 16, 1999. Substituted Answer and Affirmative Defenses, and Counterclaims was filed by Respondents Burris and Crosby on or about October 27, 1999. The Submission Agreement of Respondent Mary Ann Burris was signed on or about July 15, 1999. The Submission Agreement of Respondent Barbara Crosby was signed on or about July 15, 1999.

Claimant's Response to Substituted Answer, Affirmative Defenses and Counterclaims of all Respondents filed on or about December 17, 1999.

Respondents Burris and Crosby filed a Rule 10314(b)(2)(C) Motion on or about December 16, 1999. Claimant filed a Resistance to said Motion on or about December 21, 1999.

Motion to Bifurcate and Stay Discovery on Damage Issues filed by the Lincoln Respondents on or about August 30, 1999. Resistance to Motion to Bifurcate and Stay Discovery on Damage Issues filed by Claimant on or about September 16, 1999. Reply in Support of Motion to Bifurcate and Stay Discovery on Damage Issues filed by the Lincoln Respondents on or about October 8, 1999.

All Respondents filed an Application re: Hearing Site. Claimant's Original Claim requested that the hearing be held in Des Moines, Iowa.

The Lincoln Respondents filed a Motion for Summary Judgment and Brief in Support Thereof on or about January 5, 2001. Claimant filed a Resistance to the Lincoln Respondents' Motion for Summary Judgment on or about February 1, 2001. The Lincoln Respondents filed a Reply Brief in support of their Motion for Summary Judgment on or about February 15, 2001.

Respondents Burris and Crosby filed a Motion for Summary Judgment on or about January 11, 2001. Claimant filed a Resistance to the Individual Respondents' Motion for Summary Judgment on or about February 1, 2001.

Claimant's Statement of Material Facts in Resistance to Motions for Summary Judgment, Claimant's combined brief in Resistance to Motions for Summary Judgment filed by Respondents, and Response to Burris and Crosby Statement of Alleged Facts filed on or about February 1, 2001.

## CASE SUMMARY

Claimant asserted causes of action against the Lincoln Respondents including: interference with contract, interference with business relations, aiding and abetting breaches of fiduciary duty, fraud and fraudulent concealment, and unjust enrichment. Claimant asserted the causes of action against Respondents Burris and Crosby including: breach of contract, breach of fiduciary duty, and accounting between partners. Claimant

submitted the following issue for resolution to the Panel, "Whether an insurance company can encourage a long-time successful Agent to: build a personal practice/agency, introduce new Agents/Brokers, and engage in efforts to build a long-term practice/ agency using the Successor Building Concept, only to have the insurance company interfere with, actively encourage, conspire with, and facilitate the force-out of that Agent by the individuals he brought into  the practice/agency to run it?"

Unless specifically admitted in their Answer, the Lincoln Respondents denied the allegations made in the Statement of Claim and asserted defenses including the following: where a party acts within its contractual and legal rights, it cannot be held liable for tortious interference with performance of contract, qualified privilege, Respondent Lincoln National had the right to terminate Claimant's services as an independent contractor, and legally and validly did so, and no such cause of action as "aiding and abetting breaches of fiduciary duty" exists under Iowa law.  The Lincoln Respondents filed a Counterclaim for tortious interference with contractual relations and defamation.

Unless specifically admitted in their Answer, the Individual Respondents denied the allegations made in the Statement of Claim and asserted the following defenses: there has been no breach of contract/partnership agreement, the Statute of Frauds, failure to state a claim upon which relief can be granted, unilateral contract, prevention or frustration of performance, lack of consideration, renunciation, prior material total breach, the terms of the alleged partnership agreement are unconscionable and therefore unenforceable, the doctrines of estoppel and waiver, failure to mitigate damages and public policy. Respondents Burris and Crosby filed a Counterclaim against Claimant for tortuous interference with prospective business advantage, defamation and spoliation of evidence.

## RELIEF REQUESTED

Claimant requested an award in the amount in excess of $600,000.00 in addition to exemplary damages.  In correspondence to NASD dated May 24, 1999, Claimant requested damages between $6,000,000.00 and $10,000,000.00.

The Lincoln Respondents requested that the claims asserted against them be denied in their entirety and other unspecified damages.  The Lincoln Respondents requested damages in excess of $300,000.00 plus punitive damages in their counterclaims.

Respondents Burris and Crosby requested that the claims asserted against them be denied in their entirety and that they be awarded their costs and attorneys' fees, as well as award actual damages estimated between $30,000.00 and $300,000.00 and punitive damages on their tortious interference counterclaim, plus $175,000.00 for Crosby and $150,000.00 to Burris on their defamation counterclaim, and damages including unspecified discovery sanctions and that the trier of fact draw an unfavorable inference in their spoliation of evidence counterclaim.

NASD Dispute Resolution
Arbitration No. 99-02154
Award    Page 4 of 8

## OTHER ISSUES CONSIDERED & DECIDED

The parties agreed to appoint a special master to resolve their discovery issues.

The Panel granted the Lincoln Respondents Motion to Bifurcate and Stay Discovery on Damage Issues on or about January 7, 2000. In the same Order, the Panel denied the Rule 10314(b)(2)(C) Motion submitted by Respondents Burris and Crosby.

The Panel denied Claimant's Motion to Rescind the Panel's January 7, 2000, Order to Bifurcate Liability and Damages. Upon reconsideration after the parties subsequent agreement, the Panel granted the Motion on or about April 24, 2000.

The Panel granted the parties' request to move the hearing to Des Moines, Iowa, and ordered the parties to pay for the arbitrators' expenses and hearing expenses on or about January 11, 2001. To the extent any of these fees remain, they are to be paid by the parties pursuant to their agreement.

After oral arguments on February 16, 2001, the Panel denied the Motions for Summary Judgment submitted by the Lincoln Respondents jointly and Respondents Burris and Crosby jointly on or about February 23,2001.

At hearing on June 7, 2001, all Respondents moved for a directed verdict against Claimant. The Panel took all motions under advisement. To the extent not previously ruled upon, each of said Motions is hereby overruled.

Claimant filed a Motion to enforce Sequestration Order on or about June 11, 2001. The Panel granted in part and denied in part said Motion by letter on or about June 15, 2001.

Claimant filed a Motion to Use Documents During Cross Examination and/or Rebuttal Obtained Subsequent to Monday July 23, 2001, at 5:00 PM on or about August 28, 2001. The Panel overruled said Motion on or about October 2, 2001.

A Motion for Post Hearing Briefs was filed on or about September 24, 2001, by the Lincoln Respondents. Claimants' Response to said Motion was filed on or about September 28, 2001. The Panel granted said Motion on or about October 10, 2001.

Claimant moved for Directed Verdict against all Respondents' Counterclaims at hearing on or about October 9, 2001. The Panel took said Motions under advisement. To the extent not previously ruled upon, each of said Motions is hereby overruled.

On or about October 9, 2001, the Lincoln Respondents renewed their Motions for Directed Verdict against Claimant. The Panel took said Motions under advisement and are hereby overruled.

NASD Dispute Resolution
Arbitration No. 99-02154
Award     Page 5 of 8

The parties have agreed that the Award in this matter may be executed in counterpart copies or that a handwritten, signed Award may be entered.  In either case, the parties have agreed to receive conformed copies of the award while the originals remain on file with NASD Dispute Resolution. ("NASD").

## AWARD

After considering the pleadings, the testimony, and the evidence presented at the hearing and the post-hearing submissions, the undersigned arbitrators have decided in full and final resolution of the issues submitted for determination as follows:

1.)   Respondents, Lincoln National Life Insurance Company, Lincoln Financial Advisors Corporation, Mary Ann Burris and Barbara Crosby, are jointly and severally liable for and shall pay to Claimant, Thomas W. Payne, the sum of $175,352.00 in compensatory damages;

2.)   Respondents Lincoln National Life Insurance Company and Lincoln Financial Advisors Corporation are jointly and severally liable for and shall pay to Claimant, Thomas W. Payne, the sum of $1,108,023.00 in compensatory damages;

3.)   The Counterclaim of Respondent Lincoln National Life Insurance Company and Respondent Lincoln Financial Advisors Corporation is dismissed with prejudice;

4.)   The Counterclaim of Respondents Mary Ann Burris and Barbara Crosby is dismissed with prejudice;

5.)   That other than Forum Fees which are specified below, the parties shall each bear their own costs and expenses incurred in this matter;

6.)   That any relief not specifically enumerated, including punitive and exemplary damages, is hereby denied with prejudice.

## FEES

Pursuant to the Code, the following fees are assessed:

### Filing Fees

NASD Dispute Resolution will retain the non-refundable filing fees for each claim:

| | |
|---|---|
| Initial claim filing fee | = $   600.00 |
| Counterclaim filing fee (Lincoln Respondents) | = $ 1,000.00 |
| Counterclaim filing fee (Respondents Burris and Crosby) | = $   375.00 |

NASD Dispute Resolution
Arbitration No. 99-02154
Award      Page 6 of 8

## Member Fees

Member fees are assessed to each member firm that is a party in these proceedings or to the member firm that employed the associated persons at the time of the events giving rise to the dispute.  In this matter, the member firms are Lincoln National Life Insurance Company and Lincoln Financial Advisors Corporation.

| | |
|---|---|
| Member surcharge | = $  3,000.00 |
| Pre-hearing process fee | = $     600.00 |
| Hearing process fee | = $  5,000.00 |

## Adjournment Fees

Adjournments requested during these proceedings:

| | |
|---|---|
| February 5-9, and February 27, 2001 - March 2, 2001, adjournment by the Lincoln Respondents | = $  1,200.00 |
| June 18-22, 2001, emergency adjournment by the Lincoln Respondents | = $  1,000.00 (waived by Panel) |

## Forum Fees and Assessments

The Arbitration Panel assesses forum fees for each hearing session conducted.  A hearing session is any meeting between the parties and the arbitrator(s), including a pre-hearing conference with the arbitrator(s), that lasts four (4) hours or less.  Fees associated with these proceedings are:

Five (5)  Pre-hearing sessions with Panel x $1,200.00                = $  6,000.00

| Pre-hearing conferences: | | |
|---|---|---|
| | February 1, 2000 | 1 session |
| | January 11, 2001 | 1 session |
| | February 16, 2001 | 1 session |
| | June 14, 2001 | 1 session |
| | July 24, 2001 | 1 session |

Thirty -Two (32)  Hearing sessions x $1,200.00               = $38,400.00

| Hearing Dates: | | |
|---|---|---|
| | April 23, 2001 | 2 sessions |
| | April 24, 2001 | 2 sessions |
| | April 25, 2001 | 2 sessions |
| | April 26, 3001 | 2 sessions |
| | April 27, 2001 | 1 session |
| | June 4, 2001 | 2 sessions |
| | June 5, 2001 | 2 sessions |
| | June 6, 2001 | 2 sessions |

NASD Dispute Resolution
Arbitration No. 99-02154
Award      Page 7 of 8

| | |
|---|---|
| June 7, 2001 | 3 sessions |
| June 8, 2001 | 2 sessions |
| July 16, 2001 | 3 sessions |
| July 17, 2001 | 3 sessions |
| July 18, 2001 | 2 sessions |
| July 19, 2001 | 1 session |
| October 9, 2001 | 2 sessions |
| October 10, 2001 | 1 session |

| | |
|---|---|
| Total Forum Fees | = $44,400.00 |

The Arbitration Panel has assessed $22,200.00 of the forum fees to Thomas W. Payne.

The Arbitration Panel has assessed $22,200.00 of the forum fees jointly and severally to Lincoln National Life Insurance Company and Lincoln Financial Advisors Corporation.

## Fee Summary

Claimant, Thomas W. Payne, is liable for:

| | |
|---|---|
| Initial Filing Fee | = $   600.00 |
| Forum Fees | = $ 22,200.00 |
| Total Fees | = $ 22,800.00 |
| Less payments | = $  1,800.00 |
| Balance Due NASD Dispute Resolution | = $ 21,000.00 |

Respondents, Lincoln National Life Insurance Company and Lincoln Financial Advisors Corporation, are jointly and severally liable for:

| | |
|---|---|
| Counterclaim Filing Fee | = $  1,000.00 |
| Adjournment Fee | = $  1,200.00 |
| Forum Fees | = $ 22,200.00 |
| Total Fees | = $ 24,400.00 |
| Less payments | = $     0.00 |
| Balance Due NASD Dispute Resolution | = $ 24,400.00 |

Respondent, Lincoln National Life Insurance Company, is solely liable for:

| | |
|---|---|
| Member Fees | = $  8,600.00 |
| Total Fees | = $  8,600.00 |
| Less payments | = $  7,725.00 |
| Balance Due NASD Dispute Resolution | = $   875.00 |

Respondent, Lincoln Financial Advisors Corporation, is solely liable for:

| | |
|---|---|
| Member Fees | = $  8,600.00 |
| Total Fees | = $  8,600.00 |
| Less payments | = $  4,600.00 |
| Balance Due NASD Dispute Resolution | = $  4,000.00 |

NASD Dispute Resolution
Arbitration No. 99-02154
Award     Page 8 of 8

Respondents, Mary Ann Burris and Barbara Crosby, are jointly and severally liable for:

| | | |
|---|---|---|
| Counterclaim Filing Fee | = $ | 375.00 |
| Total Fees | = $ | 375.00 |
| Less payments | = $ | 1,575.00 |
| Balance Refunded by NASD Dispute Resolution | = $ | 1,200.00 |

**All balances are due to NASD Dispute Resolution**

## ARBITRATION PANEL

Wayne S. Rasmussen, Esq. - Public Arbitrator, Presiding Chair
Sam Brower, Esq. - Public Arbitrator
Betty R. Crumpton - Non-Public Arbitrator

Concurring Arbitrators:

/s/  Wayne S. Rasmussen, Esq.
Wayne S. Rasmussen, Esq.
Public Arbitrator, Presiding Chair

06/19/02
Signature Date

/s/  Sam Brower, Esq.
Sam Brower, Esq.
Public Arbitrator

06/20/02
Signature Date

/s/  Betty R. Crumpton
Betty R. Crumpton
Non-Public Arbitrator

06/19/02
Signature Date

06/20/02
Date of Service  (For NASD office use only)

NASD Dispute Resolution
Arbitration No. 99-02154
Award     Page 8 of 8

Respondents, Mary Ann Burris and Barbara Crosby, are jointly and severally liable for:

Counterclaim Filing Fee                                    = $     375.00
Total Fees                                                 = $     375.00
Less payments                                              = $   1,575.00
Balance Refunded by NASD Dispute Resolution                = $   1,200.00

**All balances are due to NASD Dispute Resolution**

## ARBITRATION PANEL

Wayne S. Rasmussen, Esq. - Public Arbitrator, Presiding Chair
Sam Brower, Esq. - Public Arbitrator
Betty R. Crumpton - Non-Public Arbitrator

Concurring Arbitrators:

_____          _____
Wayne S. Rasmussen, Esq.                 Signature Date
Public Arbitrator, Presiding Chair


_____          _____
Sam Brower, Esq.                         Signature Date
Public Arbitrator

_Betty R. Crumpton_                      6-19-02
Betty R. Crumpton                        Signature Date
Non-Public Arbitrator


_____
Date of Service  (For NASD office use only)

NASD Dispute Resolution
Arbitration No. 99-02154
Award     Page 8 of 8

Respondents, Mary Ann Burris and Barbara Crosby, are jointly and severally liable for:

| | | |
|---|---|---|
| Counterclaim Filing Fee | = $ | 375.00 |
| Total Fees | = $ | 375.00 |
| Less payments | = $ | 1,575.00 |
| Balance Refunded by NASD Dispute Resolution | = $ | 1,200.00 |

**All balances are due to NASD Dispute Resolution**

## ARBITRATION PANEL

Wayne S. Rasmussen, Esq. - Public Arbitrator, Presiding Chair
Sam Brower, Esq. - Public Arbitrator
Betty R. Crumpton - Non-Public Arbitrator

Concurring Arbitrators:

Wayne S. Rasmussen, Esq.                              Signature Date
Public Arbitrator, Presiding Chair

Sam Brower, Esq.                                       6/20/02
Public Arbitrator                                     Signature Date

Betty R. Crumpton                                     Signature Date
Non-Public Arbitrator

Date of Service  (For NASD office use only)

NASD Dispute Resolution
Arbitration No. 99-02154
Award    Page 6 of 6

Respondents, Mary Ann Burris and Barbara Crosby, are jointly and severally liable for:

| | | |
|---|---|---|
| Counterclaim Filing Fee | = $ | 375.00 |
| Total Fees | = $ | 375.00 |
| Less payments | = $ | 1,575.00 |
| Balance Refunded by NASD Dispute Resolution | = $ | 1,200.00 |

**All balances are due to NASD Dispute Resolution**

## ARBITRATION PANEL

Wayne S. Rasmussen, Esq. - Public Arbitrator, Presiding Chair
Sam Brower, Esq. - Public Arbitrator
Betty R. Crumpton - Non-Public Arbitrator

Concurring Arbitrators:

_____          6/19/02
Wayne S. Rasmussen, Esq.                  _____
Public Arbitrator, Presiding Chair        Signature Date


_____          _____
Sam Brower, Esq.                          Signature Date
Public Arbitrator


_____          _____
Betty R. Crumpton                         Signature Date
Non-Public Arbitrator


_____
Date of Service  (For NASD office use only)