IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

FILED
DES MOINES, IOWA
02 JUL 18 PM 4: 29
SOUTHERN DISTRICT OF IA

| | |
|---|---|
| LINCOLN NATIONAL LIFE INSURANCE COMPANY and LINCOLN FINANCIAL ADVISORS CORPORATION,<br><br>Petitioners/Plaintiffs,<br><br>v.<br><br>THOMAS W. PAYNE,<br><br>Respondent/Defendant. | CIVIL NO. _____<br><br>**4:02-CV-70346**<br><br>**MOTION FOR EXPEDITED ORDER STAYING ALL PROCEEDINGS TO ENFORCE THE AWARD** |

COME NOW the Petitioners Lincoln National Life Insurance Company and Lincoln Financial Advisors Corporation ("Lincoln"), and pursuant to Local Rule 7.1(j) submit this Expedited Motion to Stay Proceedings to Enforce the Award.

1. Lincoln has filed concurrently herewith an Application and Motion to Vacate the arbitration award entered in NASD Proceeding No. 99-02154, pursuant to the Federal Arbitration Act (9 U.S.C. §1, et seq) ("FAA").

2. Section 12 of the FAA provides as follows:

> §12. Notice of motions to vacate or modify; service; stay of proceedings.
> ...For the purposes of the motion any judge who might make any order to stay the proceedings in an action brought in the same court may make an order, to be served with the notice of motion, staying the proceedings of the adverse party to enforce the award.

9 U.S.C. §12.

3. Here, the NASD internal rules provide that the unsuccessful party to an arbitration must pay the award within 30 days unless they move to vacate the award. See Rule 10330(h), Code of Arbitration Procedure. In addition, the FAA grants an unsuccessful party three months to file a motion to vacate. 9 U.S.C. §12. The FAA further provides that the motion to vacate may be filed with and heard by "the United States court in and for the district wherein the award was made." 9 U.S.C. §10.

4. Despite these rules, Payne filed an Application for Entry of Judgment on the award in the state court of Iowa just 22 days after entry of the award.

5. Lincoln submits that Payne's Application in the state court is premature, given the time limits allowed for filing a motion to vacate.

6. Lincoln was fully entitled to file its Motion to Vacate in this federal court despite Payne's premature application to confirm in state court. *See Suppoint Securities, Inc. v. Porta*, 192 F.R.D. 716, 720 (M.D. Fla. 2000)(holding on review of NASD arbitration award that "a pending motion to confirm award before a state court has no bearing on a federal court's jurisdiction to determine a motion to vacate that same award.").

7. Therefore, pursuant to Local Rule 7.1(j), Lincoln respectfully requests an expedited order staying Payne's proceedings to enforce the award.

WHEREFORE, for the reasons set forth herein and those to be set forth in the brief and arbitration record, Lincoln requests judgment immediately entering an order staying all proceedings to enforce the award.

-3-

BRADSHAW, FOWLER, PROCTOR & FAIRGRAVE, P.C.

By: _____
Denny M. Dennis   PK0001223
Todd A. Strother   PK0016680
801 Grand Avenue, Suite 3700
Des Moines, IA  50309-2727
Phone: (515) 246-5889
Fax:  (515) 246-5808

ATTORNEYS FOR PETITIONERS/PLAINTIFFS

Copies to:

David L. Charles
Belin, Harris, Lamson & McCormick
Suite 2000 – Financial Center
Des Moines, IA 50309-3989

CERTIFICATE OF SERVICE
The undersigned hereby certifies that a true copy of the foregoing instrument was served upon one of the attorneys of record for all parties to the above-entitled cause by enclosing the same in an envelope addressed to each such attorney at his/her respective address as disclosed by the pleadings of record herein, with postage fully paid, and by depositing said envelope in a United States Post Office depository in Des Moines, Iowa on the ___ of _____, 2002.

_____