FILED 8/4/2003 2:07:25 PM, USDC, Southern District of Iowa

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| LINCOLN NATIONAL LIFE INSURANCE COMPANY and LINCOLN FINANCIAL ADVISORS CORPORATION, MARY ANN BURRIS and BARBARA CROSBY,<br><br>　　　　Petitioners/Plaintiffs,<br><br>v.<br><br>THOMAS W. PAYNE,<br><br>　　　　Respondent/Defendant. | CIVIL NO. 4:02-CV-70346<br><br><br>**JOINT MOTION FOR STAY OF ENFORCEMENT PENDING APPEAL** |

COME NOW the Petitioners, Lincoln National Life Insurance Company and Lincoln Financial Advisors Corporation ("Lincoln"), Mary Ann Burris ("Burris") and Barbara Crosby ("Crosby") and for their Motion for Stay of Enforcement Pending Appeal state as follows:

1.　　On July 25, 2003, this Court entered its Denial Of Applications And Motions To Vacate Arbitration Awards, And Order Confirming Award And Entering Judgment Thereon and its Judgment in a Civil Case.

2.　　Concurrently herewith, Lincoln, Burris and Crosby each have filed a Notice of Appeal to initiate an appeal of these rulings, orders and judgments to the Eighth Circuit Court of Appeals.

3.　　Pursuant to Federal Rule of Civil Procedure 62(d) and Federal Rule of Appellate Procedure 8(a)(1), Lincoln, Burris and Crosby hereby request that the Court

enter an order staying any and all proceedings to enforce the judgment pending the appeals of this matter.

4.       The posting of a supersedeas bond results in an automatic stay of execution of the judgment pending appeal.  See *Petersen v. United States of America*, No. 99-651 2000 WL1909806, at *1 (Dist. Minn. October 5, 2000); *Dillan v. City of Chicago,* 866 F.2d 902, 904 (7th Cir. 1989).  However, a district court has discretion to waive the bond requirement in certain cases and stay the enforcement of the judgment pending appeal without a bond.  *Petersen*, 2000 WL1909806 at *1; *Dillan*, 866 F.2d at 904.  The district court may consider the following factors in determining whether a bond will be waived:

(1)     The complexity of the collection process;
(2)     The amount of time required to obtain a judgment on appeal;
(3)     The degree of confidence that the district court has in the availability of funds to pay the judgment;
(4)     Whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and
(5)     Whether the defendant is in such a precarious financial situation that the requirement to post a bond would place the other creditors of the defendant in an insecure position.

*Petersen*, 2000 WL1909806 at *1.  Here, Lincoln is one of the largest financial services companies in the world, and its ability to pay this judgment (should its appeal be denied) is beyond doubt.  (See Lincoln National Corporate Quarterly Income Statement, attached as Exhibit A and Lincoln National Corporate Annual Balance Sheet and Income Statement, attached as Exhibit B).  Therefore, Lincoln's "ability to pay the judgment is so plain that the cost of a bond would be a waste of money."  Lincoln is jointly and severally liable for the judgment entered against Burris and Crosby, and thus Lincoln's clear ability to pay should also result in a waiver of the bond requirement for Burris and Crosby.  Accordingly,

Lincoln, Burris and Crosby request that the Court waive the bond requirement and stay the enforcement of the judgment pending appeal without a bond.

5.      However, Lincoln, Burris and Crosby stand ready, willing and able to post a bond should the Court so order.

WHEREFORE, for the reasons set forth herein, Lincoln, Burris and Crosby respectfully request that the Court enter an order staying enforcement of the judgment pending appeal.  Lincoln, Burris and Crosby further request that the Court waive the bond requirement or, in the alternative, set the amount of the bond so that Lincoln, Burris and Crosby can post the bond and obtain an automatic stay.

>                BRADSHAW, FOWLER, PROCTOR & FAIRGRAVE, P.C.
>
>                By: _____/s/_____
>                    Denny M. Dennis  PK0001223
>                    Todd A. Strother  PK0016680
>                    801 Grand Avenue, Suite 3700
>                    Des Moines, IA  50309-2727
>                    Tel:   (515) 246-5848
>                    Fax:   (515) 246-5808
>
>                LAMARCA & LANDRY, P.C.
>                    George A. LaMarca  PK0003017
>                    Justin E. LaVan PK0015906
>                    1300 - 50th Street, Suite 104
>                    West Des Moines, IA  50266
>                    Tel:   (515) 225-2600
>                    Fax:   (515) 225-8515
>                ATTORNEYS FOR PETITIONERS/PLAINTIFFS

-4-

Copies to:

David L. Charles
Belin, Harris, Lamson & McCormick
Suite 2000 – Financial Center
Des Moines, IA 50309-3989